UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| Joel Marvin Munt | File No. 17-cv-5215 (SRN/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| Tom Roy, Mike Warner, and David Coward, | |
| Defendants. | |

_____

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on Plaintiff Joel Marvin Munt's ("Munt") Expedited Motion to Recuse ("Motion to Recuse") [Doc. No. 7] seeking recusal of both the undersigned and Magistrate Judge Steven E. Rau. Munt brings his Motion pursuant to 28 U.S.C. § 455. (Mot. to Recuse at 1.) Munt alleges that recusal is mandatory because the undersigned and Magistrate Judge Rau "are both material witnesses whose testimony is vital to the claims in this suit." (*Id.* at 2.) Specifically, Munt asserts that the undersigned and Magistrate Judge Rau "have knowledge of many of the matters being raised in this suit and their testimony will also be pivotal in establishing for the jury the danger of permitting constitutional violations (such as those raised in both the primary suit as well as the full suit) to continue." (*Id.*)

In pertinent part, 28 U.S.C. § 455 requires that a judge disqualify him or herself when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Here, there is nothing to suggest that the undersigned or Magistrate Judge

Rau "ha[ve] personal bias[es] or prejudice[s] concerning" any named party to this lawsuit or are privy to "personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* Munt has failed to substantiate his claims to the contrary. (*See* Mot. to Recuse at 2.)

Munt's allegations in this lawsuit center around the conduct of Defendants Tom Roy, Mike Warner, and David Coward (the "Defendants"). (*See generally* Compl. [Doc. No. 1].) Specifically, Munt asserts that the Defendants have engaged in "efforts to impede his constitutional rights" by preventing "meaningful access to the courts." (*Id.* at 3).[1] Munt alleges various impediments in his Complaint, including: (1) onerous copying, printing, and postage policies; (2) inadequate access to legal resources; and (3) overly-restrictive policies regarding personal property that prevent inmates from properly maintaining legal work. (*See id.* at 9–16.)

The undersigned and Magistrate Judge Rau cannot speak to the factual basis of any of these issues. In short, the only people with personal knowledge of the policies at issue and of the arguments present in the Complaint are Munt and the Defendants. And to the extent the undersigned or Magistrate Judge Rau have any "knowledge" of the evidence, it is through the submissions of the parties and does not rise to a mandatory reason to recuse under 28 U.S.C. § 455. *See* 28 U.S.C. § 455(b)(1) (requiring "personal knowledge of disputed evidentiary facts"); *see also Liteky v. United States*, 510 U.S. 540, 550–51 (1994) (stating that a judge is not recusable under 28 U.S.C. § 455(b)(1) on the basis of information that "w[as] properly and necessarily acquired in the course of the

---

[1]   When referencing the Complaint, CM/ECF pagination is used.

proceedings").[2]

Ultimately, nothing that Munt alleges can reasonably be interpreted to invoke a reason for recusal under any aspect of 28 U.S.C. § 455. As a result, recusal is not just inappropriate, it is arguably prohibited. *See, e.g.*, *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001) ("[W]here the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited."); *Sw. Bell Tel. Co. v. FCC*, 153 F.3d 520, 523 (8th Cir. 1998) (stating that "[b]ecause the rules do not require . . . recusal," the judge was "obligated to remain on the panel"); *Walker v. Bishop*, 408 F.2d 1378, 1382 (8th Cir. 1969) (stating that "there is as much obligation on the part of the judge not to recuse himself when there is no occasion for so doing as there is to recuse himself when such an occasion exists").

Accordingly, based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Joel Marvin Munt's Expedited Motion to Recuse [Doc. No. 7] is **DENIED.**

Dated: May 3, 2018                         s/Susan Richard Nelson
                                           SUSAN RICHARD NELSON
                                           United States District Court Judge

---

[2] For similar reasons, any "evidence" known to the undersigned or Magistrate Judge Rau is arguably hearsay and likely inadmissible at trial. *See* Fed. R. Evid. 801 (hearsay definitions).