## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JOEL MARVIN MUNT, | Case No. 17-CV-5215 (SRN/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| TOM ROY, Commissioner of Corrections; MIKE WARNER; and DAVID COWARD, | |
| Defendants. | |

On January 9, 2018, Magistrate Judge Steven E. Rau granted plaintiff Joel Marvin Munt's application to proceed *in forma pauperis* ("IFP"). *See* ECF No. 10. Munt nevertheless objected to the order on the grounds that both Judge Rau and the undersigned should have recused from this matter and therefore had no lawful basis to adjudicate the IFP application. *See* ECF No. 13. In an order dated May 4, 2018, the Court overruled Munt's objection. *See* ECF No. 44. Munt now seeks to appeal from that order overruling his objection.[1]

Under Rule 24(a)(3) of the Federal Rules of Appellate Procedure,

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal

---

[1] Recently the Court also denied directly a motion to recuse filed by Munt. *See* ECF No. 43. Munt's notice of appeal states that he is appealing only the order entered May 4, 2018 — that is, the order overruling his objection to the earlier order *granting* IFP status. That said, the analysis here would be much the same had Munt sought to appeal from the order denying his motion for recusal.

> case, may proceed on appeal in forma pauperis without
> further authorization, unless:
>
>> (A) the district court — before or after the
>> notice of appeal is filed — certifies that the
>> appeal is not taken in good faith or finds that the
>> party is not otherwise entitled to proceed in
>> forma pauperis and states in writing its reasons
>> for the certification or finding; or
>
>> (B) a statute provides otherwise.

As was just explained, Munt was granted IFP status by Judge Rau in these proceedings. *See* ECF No. 10. Nevertheless, his IFP application on appeal will be denied, as his appeal is not taken in good faith. *See* Fed. R. App. P. 24(a)(3). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and thus cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A litigant may not seek immediate appeal of a decision not to recuse. "[C]ourts have universally held that denial of a motion to recuse or disqualify is not a final order" reviewable on appeal under 28 U.S.C. § 1291. *United States v. Hart*, No. C3-97-44 (D.N.D. Aug. 18, 1998) (collecting cases). Nor is an order denying recusal immediately appealable under the collateral order doctrine. *See, e.g.*, *Mischler v. Bevin*, 887 F.3d 271, 271 (6th Cir. 2018) (per curiam). Finally, the order does not involve "a controlling question of law as to which there is substantial ground for difference of opinion . . . ." 28 U.S.C. § 1292(b). There is no non-frivolous basis upon which to seek immediate review of the Court's prior order.

Munt's appellate IFP application is therefore denied. Munt is further warned that dismissal of his appeal for frivolity by the Eighth Circuit Court of Appeals would constitute a "strike" under 28 U.S.C. § 1915(g) and that he should therefore carefully consider whether to prosecute that appeal.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that the application to proceed *in forma pauperis* on appeal of plaintiff Joel Marvin Munt [ECF No. 48] is DENIED.

Dated: June 18, 2018    s/Susan Richard Nelson
    SUSAN RICHARD NELSON
    United States District Judge